**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

**IN THE MATTER OF** ) **IN PROCEEDINGS UNDER CHAPTER 11**

**ATLANTIC MECHANICAL** ) **CASE NO. : 18-20362**
**SERVICES, LLC**

**DEBTOR(S)** ) **DATE: MAY 2, 2019**

FIRST AMENDED PLAN OF REORGANIZATION

I. INTRODUCTION

The Plan of Reorganization (hereinafter "Plan") is the Debtor's proposal to its creditors to resolve and restructure its debt that was owed on the date of the filing of its Chapter 11 petition. The Debtor believes that distribution pursuant to the terms of the Plan would produce for the unsecured creditors and holders of interests as much as they would receive if the case were to be converted and the assets liquidated under Chapter 7 of Title II, U.S.C., and the proceeds distributed according to the priorities and in the manner prescribed by the Bankruptcy Laws.

II. DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meanings, respectively:

2.01 Debtor: Means Atlantic Mechanical Services, LLC..

2.02 "Administrative Claim": Means on Allowed Claim, the holder of which asserts and is determined by final order to be entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

2.03 "Allowed Claim": Means a Claim (a) which has been scheduled by the Debtor in the list of Creditors prepared and filed by the Debtor in the Bankruptcy Court, as the same may be amended, and is not listed as disputed, contingent or unliquidated as to amount or (b) as to which a proof of claim has been filed with the Bankruptcy Court within the applicable period of time fixed by the Bankruptcy Court, and in either case, as to which no objection to allowance thereof has been made within the time allowed for the making of objections, or as to which any such objection made has been determined and the Claim allowed by a Final Order, to the extent so allowed.

2.04 "Allowed Priority Claim": Means that portion of an Allowed Claim entitled to priority under Sections 507(a)(2) through (8) of the Bankruptcy Code.

2.05 "Allowed Secured Claim": Means an Allowed Claim which is secured by a valid perfected lien on property in which the Debtor has an interest, to the extent of the value of the interest of the holder of such Allowed Claim in such property of the Debtor as determined by the Bankruptcy Court pursuant to Section 506(a) of the Bankruptcy Code, together with such interest, fees, costs and charges as may be allowed by the Bankruptcy Court under Section 506(b) of the Code.

2.06 "Bankruptcy Court":  Means the United States Bankruptcy Court for the District of Connecticut, or such other Court as may hereafter have jurisdiction of an act with respect to this case.

2.07 "Cash": Means currency of the United States of America, or checks issued by the reorganized company payable in such currency.

2.08 "Chapter 11 Case": Means the chapter 11 case of the Debtor, Atlantic Mechanical Services, LLC. under Chapter 11 of the Bankruptcy Code which has commenced on August 3, 2011 in the Bankruptcy Court, Case No. **18-20362**.

2.09 "Claim": Means a claim, as defined in Section 101(4) of the Bankruptcy Code, against

the Debtor. Interest accrued on and accruing after the Filing Date shall not be part of any claim except with respect to an Allowed Secured Claim as permitted by Section 506 of the Bankruptcy Code.

2.10 "Class": Means claims or equity interests which are substantially similar to the other claims or equity interest in such class as classified pursuant to the Plan.

2.11 "Code": Means the United States Bankruptcy Code, II U.S.C. Sections 101 <u>et seq.</u> and all amendments thereto which are applicable to the case.

2.12 "Confirmation Date": Means the date upon which the Confirmation Order is entered.

2.13 "Confirmation Order": Means the order of the Bankruptcy Court confirming the Plan and approving the transactions contemplated herein.

2.14 "Creditor": Means any holder of an Allowed Claim.

2.15 "Debtor": Means Atlantic Mechanical Services, LLC.

2.16 "Disputed Claim": Means any Claim to which an objection to the Allowance thereof has been interposed and has not been determined by a Final Order.

2.17 "Distribution Date": Date of Confirmation.

2.18 "Effective Date": Means the date 20 days after the order confirming the Plan becomes final and non-appealable.

2.19 "Equity Interests": Means the rights of the owners and holders of common stock of the Debtor.

2.20 "Filing Date": Means August 3, 2011 for Debtor, Atlantic Mechanical Services, LLC.

2.21   "Final Order":  Means an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified or amended and (i) as to which any right to appeal or to seek

certiorari or review has been waived or (ii) as to which the time to appeal or to seek certiorari or to review has expired and as to which no appeal or petition for certiorari or review is pending.

2.22 "Plan": Means this Plan of Reorganization as it may be amended or modified, together with all addenda, exhibits, schedules, or other attachments, if any.

2.23 "Reorganization": Means the case for the reorganization of the Debtor.

2.24 "Tax Claim": Means an allowed claim, the holder of which asserts and is determined by a final order to be entitled to priority pursuant to '507 (a)(7) of the Code.

2.25 Maintenance escrow: shall mean and account established and maintained for maintenance and upkeep of property

### III.  DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS

All claims against and equity interest in Debtor, of whatever nature, whether or not scheduled, liquidated or un-liquidated, absolute or contingent, including all claims arising from transactions of Debtor or rejection of executory contracts whether resulting in an allowed claim or not, shall be bound by the provisions of this Plan.

**Administrative Claim**: The costs and expenses of administration as defined in the Bankruptcy Code and allowed under Sections 503(b) and 507(a)(1) of the Code for which application for an allowance or claim is filed prior to the Effective Date as the same are allowed. The holders of Administrative Claims are:

1. Attorney Joseph J. D'Agostino, Jr. in the approximate amount: $12,500.00.  Said Claimant shall file an interim Fee application prior to the approval of the Plan and a final fee application prior to the entry of the final decree.

2. Ed Chamberlain & Company in the approximate amount: $5,000.00.  Said Claimant shall file an interim Fee application prior to the approval of the Plan and a final fee application prior to the entry of the final decree.

Administrative claim creditors with allowed claims of the kind specified in Section 503 (b)

and 507(a)(1) of the Code shall be paid in cash One Hundred Percent (100%) of the allowed amount of their administrative claims on the Effective Date, or upon such terms as otherwise agreed between the Debtor and such Administrative claim creditors.

**Priority Tax Claims**: The priority tax claims to the Internal Revenue Service as allowed and has occurred prior to the Effective Date are allowed in the approximate amount: $264.75. Priority creditors shall be paid in cash On Hundred Percent (100%) of the allowed amount of the priority claims on the Effective Date, or upon such terms as otherwise agreed between the Debtor and such Claimant.

**Class 1:**   Class 1 shall consist of the Unimpaired Secured Claims as listed below:

| **Secured** | | | | **Security** | |
|---|---|---|---|---|---|
| The Huntington National Bank | | $ | 15,150.57 | 2014 Econoline 150 | |
| The Huntington National Bank | | $ | 15,391.51 | 2014 Econoline 150 | |
| Citizens Bank N.A | | $ | 10,277.78 | 2014 CHEVROLET EXPRESS | |
| TD Auto Finance LLC | | $ | 7,251.45 | 2013 Ford Econoline Wagon | |
| The Huntington National Ban | | $ | 23,316.81 | 2016 Ford Transit Van | |
| The Huntington National Bank | | $ | 22,057.80 | 2016 Ford Transit Cargo Van | |
| U.S. Bank National Association | | $ | 15,962.31 | 2015 GMC Savana Truck | |
| U.S. Bank National Association | | $ | 15,981.66 | 2015 GMC Savana Truck | |
| | | | | | |
| | | | | | |
| **TOTAL SECURED** | | **$** | **125,389.89** | | |

The debtor shall pay the creditors according to the pre-petition contracts with the companies. These claims are un-impaired pursuant to 11 U.S.C. § 1124(a) and therefore are not entitled to vote on the Plan.

**Class 2**:   Class 2 shall consist of the Impaired Secured Claim of On Deck Capital in the principal amount of $211,200.00 with an outstanding balance of $211,200.00 This claim is impaired pursuant to 11 U.S.C. § 1124(a) and is therefore entitled to vote on the Plan.  The total amount of the claim is approximate amount of $211,200.48, which represents the approximate total amount owed as of April 3, 2019. On Deck Capital, Inc. shall be paid 100% of their claim with 0% interest over 60 months on a monthly payment of $3,520. Per month due on or before the first of the month.

**Class 3**:  This class is composed of the general unsecured creditors.

| Unsecured Claims | | | |
|---|---|---|---|
| W.W. Grainger, Inc | | $ | 3,012.58 |
| Carrier Rental Systems, Inc | | $ | 1,300.00 |
| Capital One Bank (USA), N.A. | | $ | 3,968.24 |
| all Systems Electric | | $ | 8,662.21 |
| Walker Crane & Rigging | | $ | 3,460.00 |
| **TOTAL UNSECURED** | | **$** | **20,403.03** |

The unsecured creditors with allowed claims be shall be paid an Approximate amount: $20,403.03. The Claims of General Unsecured Creditors shall be paid 100.00% percent of the Allowed principal amount as full and final satisfaction on the effective date of the plan.

**Class 4:** This class is composed of insiders, of which class, are the Members of the Limited Liability Company.  This class will retain its interest in the debtor in exchange for contributing monies for the debtor.

## IV. <u>TREATMENT OF CLASSES IMPAIRED UNDER THE PLAN</u>

4.01.   The Claims of General Unsecured Creditors shall be paid 100.00 percent of the

Allowed amount as full and final satisfaction. Each creditor shall receive payment of 100.00 percent

on the effective date of the plan.

## V. <u>TREATMENT OF CLASSES UNIMPAIRED UNDER THE PLAN</u>

**Administrative Claim**: The costs and expenses of administration as defined in the Bankruptcy Code and allowed under Sections 503(b) and 507(a)(1) of the Code for which application for an allowance or claim is filed prior to the Effective Date as the same are allowed. The holders of Administrative Claims are:

1. Attorney Joseph J. D'Agostino, Jr. in the approximate amount: $12,500.00.  Said Claimant shall file an interim Fee application prior to the approval of the Plan and a final fee application prior to the entry of the final decree.

2. Ed Chamberlain & Company in the approximate amount: $5,000.00.  Said Claimant shall file an interim Fee application prior to the approval of the Plan and a final fee application prior to the entry of the final decree.


 Administrative claim creditors with allowed claims of the kind specified in Section 503 (b) and 507(a)(1) of the Code shall be paid in cash One Hundred Percent (100%) of the allowed amount of their administrative claims on the Effective Date, or upon such terms as otherwise agreed between the Debtor and such Administrative claim creditors.

**Priority Tax Claims**: The priority tax claims to the Internal Revenue Service as allowed and will occurred on the Effective Date are allowed in the approximate amount: $264.75. Priority creditors shall be paid in cash On Hundred Percent (100%) of the allowed amount of the priority claims on the Effective Date, or upon such terms as otherwise agreed between the Debtor and such Claimant.

| Secured | | | Security |
|---|---|---|---|
| The Huntington National Bank | $ | 15,150.57 | 2014 Econoline 150 |
| The Huntington National Bank | $ | 15,391.51 | 2014 Econoline 150 |
| Citizens Bank N.A | $ | 10,277.78 | 2014 CHEVROLET EXPRESS |
| TD Auto Finance LLC | $ | 7,251.45 | 2013 Ford Econoline Wagon |
| The Huntington National Ban | $ | 23,316.81 | 2016 Ford Transit Van |
| The Huntington National Bank | $ | 22,057.80 | 2016 Ford Transit Cargo Van |
| U.S. Bank National Association | $ | 15,962.31 | 2015 GMC Savana Truck |
| U.S. Bank National Association | $ | 15,981.66 | 2015 GMC Savana Truck |
| | | | |
| | | | |
| TOTAL SECURED | $ | 125,389.89 | |

The debtor shall pay the creditors according to the pre-petition contracts with the companies. These claims are un-impaired pursuant to 11 U.S.C. § 1124(a) and therefore are not entitled to vote on the Plan.

**Class 2**:   Class 2 shall consist of the Impaired Secured Claim of On Deck Capital in the principal amount of $211,200.00 with an outstanding balance of $211,200.00 This claim is impaired pursuant to 11 U.S.C. § 1124(a) and is therefore entitled to vote on the Plan.  The total amount of the claim is approximate amount of $211,200.48, which represents the approximate total amount owed as of April 3, 2019. On Deck Capital, Inc. shall be paid 100% of their claim with 0% interest over 60 months on a monthly payment of $3,520. Per month due on or before the first of the month immediate following the effective date.

**Class 3**:  This class is composed of the general unsecured creditors.

| Unsecured Claims | | |
|---|---|---|
| W.W. Grainger, Inc | $ | 3,012.58 |
| Carrier Rental Systems, Inc | $ | 1,300.00 |
| Capital One Bank (USA), N.A. | $ | 3,968.24 |
| all Systems Electric | $ | 8,662.21 |
| Walker Crane & Rigging | $ | 3,460.00 |
| TOTAL UNSECURED | $ | 20,403.03 |

The unsecured creditors with allowed claims be shall be paid an Approximate amount: $20,403.03. The Claims of General Unsecured Creditors shall be paid 100.00% percent of the Allowed Principal Amount as full and final satisfaction on the effective date of the plan.

**Class 4:** This class is composed of insiders, of which class, are the member of the Limited Liability Company.  This class will retain its interest in the debtor in exchange for contributing monies for the debtor.

## VI. MEANS OF EXECUTION OF THE PLAN.

The Plan is to be implemented consistent with Section 1123 of the Code. The Debtor intends to fund the Plan from revenues generated by post-filing date operations and funds accumulated in the Debtor in Possession account prior to confirmation. The Debtor shall earn sufficient revenue in order to make the financial commitments required under the terms of this Plan.  The Debtor will make all payments by confirmation that are due the US Trustee and will continue to make payments that accrue up the effective date as well as though the date of the final decree.

The Creditor should review the detailed information provided in the accompanying Disclosure Statement for further analysis.

## VII. ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS

7.01. All executory contracts of Debtor are not expressly rejected prior to the confirmation date, and for which no motions are pending for his rejection on the confirmation date, shall be deemed assumed. All executory contracts so assumed shall remain unaffected by the Plan.

## VIII. MODIFICATION OF THE PLAN

8.01 The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation, with approval of the Court, upon notice to the Creditors' Committee or to such parties as may be directed by the Court.  After confirmation, the Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in an order of confirmation, in such manner as may be necessary to carry out and implement the purposes and effect of this Plan.

## IX. DISCHARGE AND REVERSION OF PROPERTY

9.01. Except as otherwise provided in the Plan or in confirmation order, confirmation of the Plan shall, pursuant to Section 1141(d)(1) of the Code, discharge the Debtor from all claims and all debts which arose before the confirmation date and from any liability of a kind specified in '502(b)(7), 502(g), 502(h), or 502(i) of the Code, whether or not:
    (a) If proof of the claim is filed or deemed filed under Section 501 of the Code;
    (b) Such claim is allowed under Section 502 of the Code; or
    (c) The holder of such claim has accepted the Plan.

9.02. Pursuant to Section 1141(b) of the Code, confirmation of the Plan vests all of the property of the estate in the Debtor.

9.03. Pursuant to Section 1141(c) of the Code, upon confirmation of the Plan, the property dealt with by the Plan shall become free and clear of all liens and interests of creditors, and of equity security holders, except as otherwise provided for in the Plan or the confirmation order.

## X. RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of these proceedings under the provisions of the Code and the Bankruptcy Rules to insure that the intent and purpose of the plan is carried out and given effect. Without limitation, by reason of specification, the Bankruptcy Court shall retain jurisdiction for the following purposes:

10.01. To consider any modification of the Plan pursuant to Section 1127 of the Code and/or modification of the Plan after substantial consummation as defined in Section 1101(2) of the Code.

10.02. To classify, allow, or disallow claims and direct distributions of funds under the Plan, and to adjudicate all controversies concerning classification or allowance of any claim.

10.03. To enforce performance of the Plan against the reorganized company.

10.04. To hear and determine all controversies, suits and disputes as may arise in connection with the interpretation or enforcement of the Plan.

10.05. To hear and determine all claims arising from the rejection of executory contracts, and to consummate the rejection and termination thereof.

10.06. To liquidate damages or estimate claims in connection with any disputed, contingent or unliquidated claim.

10.07. To adjudicate all claims of an ownership interest in any property of the Debtors or of the estate, or any proceeds thereof.

10.08. To hear and determine all controversies, suits and disputes as may arise between or

among the holders of any class of claim, or between the holders of any class of claim and the Debtor.

10.09. To hear and determine all applications for allowance for compensation and objections to claims.

10.10. To hear and determine such matters as may make such orders as are consistent with the Plan as may be necessary or desirable to carry out the provisions thereof.

10.11. To hear and determine any and all pending applications, adversary proceedings, and contested matters, if any.

10.12. For entry of an order concluding and terminating this case.

## XI. PROVISION TO INVOKE CRAM DOWN PROCEEDINGS IF NECESSARY

11.01. If all of the applicable requirements of II U.S.C. Section 1129(a), other than paragraph 8, are found to have been met with respect to the Plan, the Debtor may then seek confirmation pursuant to II U.S.C. Section 1129(b).  For purposes of seeking confirmation under the cram down provision of the Code, should that alternative means of confirmation prove to be necessary, the Debtor reserves the right to modify or vary the treatment of the claims of the rejecting classes, so as to comply with the requirements of Section 1129(b).

## XII. GENERAL PROVISIONS

12.01. If any objection or opposition is made to the allowance of a claim or interest of any creditor, and such objection or opposition is pending on the date that payments or distributions are to be made, and until entry of a final order under which such claim becomes an allowed claim, then no

payment or distribution shall be made to such creditor until a final order of the Bankruptcy Court determining the validity and amount of such claim or interest is entered, whereupon the payments and distributions to such creditor shall be made.

12.02.   Nothing herein contained shall prevent the reorganized company from taking such action as may be necessary to enforce any rights or prosecute any cause of action existing on behalf of the reorganized company, which may not have been heretofore enforced or prosecuted.

12.03. Upon confirmation, the Debtor shall be discharged from all claims arising prior to confirmation in accordance with II U.S.C. Section 1141(d)(1).

Pursuant to the reversion of property of the estate as provided in Article XI herein, and after entry of a final non-appealable order confirming the Plan, it shall not be necessary for counsel to the Debtor to apply to the Bankruptcy Court for compensation in connection with the pursuit of or objection to claims, modifying or amending the Plan or representing the Debtor in connection with any matter outlined in Article XII herein or in connection with any other post-Effective Date services rendered to Debtor.

Dated at Wallingford, Connecticut on this 2th day of May, 2019.

DEBTOR'S ATTORNEY:

\s\ Joseph J. D'Agostino, Jr.
The Law Offices of Joseph J. D'Agostino, Jr.
1062 Barnes Road, Suite 304
Wallingford, Connecticut 06492
(203) 265-5222